THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>vs.<br><br>MARQUIS REASONOVER,<br>    Defendant. | No.    4:17CR00597 ERW<br>(JMB) |

**MOTION TO SUPPRESS STATEMENTS**

COMES NOW Defendant, Mr. Marquis Reasonover, by and through counsel Zachary Borowiak and David Bruns, and respectfully moves this Court for an Order suppressing any and all statements made by Mr. Reasonover to law enforcement. In support of his Motion to Suppress Statements, Defendant states the following:

**I. Procedural History**

Defendant, Mr. Reasonover, is charged in the above styled cause in the an Indictment with: conspiracy to distribute and possession with intent to distribute controlled substances under 21 U.S.C. §841(a)(1); and the discharge of a firearm in furtherance of a drug trafficking crime wherein Antonio Jones was killed under 18 U.S.C. §2 924(c)(1)(A).

The Government's Notice pursuant to Fed. Rule Crim. P. 12(b)(4) [Doc. # 105] indicates that Mr. Reasonover's statements to law enforcement of November 14, 2014 and December 18, 2015 constitute "arguably suppressible" evidence.

1

Based on the discovery provided to-date by the Government, Mr. Reasonover was contacted by Detectives and arrived at the police station on November 14, 2014. Law enforcement requested and compelled Mr. Reasonover to appear at the police station. Mr. Reasonover was not free to go during the time of the police interrogation at the station. On December 18, 2015, Mr Reasonover was being held in the St. Charles County jail when he was interviewed. Mr. Reasonover was not free to go during the time of this police interrogation.

Any statements, oral or written, made by Mr. Reasonover were elicited by coercion without Mr. Reasonover giving a knowing and voluntary waiver of his rights under the Fifth Amendment of the United States Constitution, and said statements are therefore involuntary and inadmissible.

Additionally, any statements were obtained as a result of an illegal *de facto* arrest and are thus inadmissible as "fruits of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471 (1963).

## MEMORANDUM IN SUPPORT

Mr. Reasonover's statements should be excluded in that they were not voluntarily made after a knowing and intelligent waiver of Defendant's Fifth and Sixth Amendment Rights in a circumstance that amounted to custody.

The rule in *Miranda* requires that any time a person is taken into custody for questioning, a law enforcement officer must, prior to questioning, advise the individual of his right to be free from compulsory self-incrimination and his right to the assistance of counsel. *U.S. v. Axsom*, 289 F.3d 496 (8th Cir. 2002) citing *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). A custody

determination requires the court to carefully assess the totality of the circumstances. *Axsom*, 289 F.3d at 487. The question of whether a suspect is "in custody" or not is an objective inquiry. *JDB v. North Carolina*, 564 U.S.131 (2011). "Two discrete inquiries are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was at liberty to terminate the interrogation and leave." *Id.* quoting *Thompson v. Keohange*, 516 U.S. 99, 112 (1995).

*US v. Griffin*, 922 F.2d 1343, 1347 (8th Cir.. 1990) outlines six common indicia of custody: (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning. *Id*. at 1349. A finding of custody does not require a case to present all indicia rather a strong showing of one factor may compensate for a lesser or non-existed factor. *Id*.

In this case, specifically the November 14, 2014 interrogation, law enforcement placed Defendant in custody by requiring him to appear at the police station. The atmosphere was police dominated and defendant was not informed that the questioning was voluntary, that he was free to leave, not under arrest or that he possessed freedom of movement. Law enforcement's questioning of Mr. Reasonover regarding the death of Antonio Jones in this custodial setting was

3

highly improper.

In this case, specifically the December 18, 2015 interrogation, Defendant was in custody at the St. Charles County Jail for an arrest unrelated to the death of Antonio Jones.  The Defendant was brought into an interview room against his will, and Defendant's freedom was restrained.  The environment was dominated by law enforcement, and Defendant's statements were the result of undue pressure placed upon him by his interrogators.

As the totality of the circumstances indicated that Defendant was objectively "in custody" during the interrogations, law enforcement should have presented defendant with advice of process warnings pursuant to *Miranda v. Arizona*.  A waiver is knowing if it is made with a full awareness of both the nature of the right being waived and the consequence of the decision to waive it.  It is voluntary if it the product of a free and deliberate choice rather than intimidation, coercion, or deception. *United States v. Syslo*, 303 F.3d 860, 865 (8th Cir. 2002).  Law enforcement failed to obtain a knowing, intelligent and voluntary waiver of those rights, including his voluntary waiver of right to counsel.  Therefore, Mr. Reasonover's statements should be excluded as they were obtained in violation of his rights under the Fifth and Sixth Amendments to the Untied States Constitution.

WHEREFORE based on the foregoing, Mr. Reasonover respectfully requests this Court enter its Order suppressing Mr. Reasonover's statements made to law enforcement as well as any information derived there from and for any additional relief that this Court deems just and proper.

Respectfully Submitted,

  /s/ *David Bruns*
David Bruns #3866MO
Attorney at Law
225 S. Meramec, Ste 1100
Clayton, Missouri 63105
Telephone:  (314) 832-0202
Facsimile:   (314) 269-1042
david@brunspc.com


 /s/Zachary J. Borowiak
ZACHARY J. BOROWIAK, MO58855
Attorney for Defendant
225 S. Meramec, Ste. 1100
St. Louis, MO 63105
(314) 537-2351 (Telephone)
(314) 269-1042 (Facsimile)
borowiaklaw@gmail.com


ATTORNEYS FOR DEFENDANT
REASONOVER


CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was delivered to all parties via the Court's electronic filing system on this 14th day of February, 2019.

  /s/ *David Bruns*
Attorney for Defendant